**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEWIS VACCARO,

        Plaintiff,

vs.                                                           Case No. 3:08-cv-776-J-32JRK

CUSTOM SOUNDS, INC.,
a Florida corporation,
MELVILLE O. LETTSOME,
and ELVIS LETTSOME,

        Defendants.

## **ORDER**[1]

This case, brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), is before the Court on Plaintiff's Motion for Default Judgment against Defendants. (Doc. 16.) Defendants, who appear to have been properly served,[2] have not filed an appearance in this action. The Clerk entered defaults against defendants Custom Sounds, Inc. ("Custom Sounds") and Melville O. Lettsome on February 6, 2009 (Doc. 10), and against Elvis Lettsome on May 6, 2009 (Doc. 15)[3]. Plaintiff now

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] See Docs. 7, 8, 13.

[3] Defendants Custom Sounds, Inc. and Melville O. Lettsome were found to be in default under the original complaint (Doc. 1). Subsequent to the clerk's entry of default against these two defendants, Plaintiff filed an Amended Complaint (Doc. 11) which adds Elvis Lettsome as a defendant but does not alter any of the allegations against either of the

seeks a final default judgment against the Defendants in the total amount of $51,331.20.[4]

The well-pleaded factual allegations made in Plaintiff's Amended Complaint are deemed admitted by Defendants by virtue of the Clerk's defaults entered against them. Cotton v. Mass Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005)(citations omitted). As a result, Defendants have admitted the following: Defendants employed Plaintiff during the relevant time period; defendant Custom Sounds is an enterprise within the definition of the FLSA; defendants Melville and Elvis Lettsome are co-owners of Custom Sounds and participated in both the day-to-day operations of the company and the supervision of Plaintiff during his employment; Defendants failed to pay overtime compensation as required by the FLSA; the failure to pay overtime was willful; Plaintiff was terminated in retaliation for objecting to not receiving overtime; Plaintiff did not receive his final paycheck from Defendants; and Plaintiff suffered emotional distress as a result of his termination. These admissions (by virtue of default) are sufficient to establish that Defendants are jointly and

---

original two defendants.

[4]Of this amount, $2,665.60 represents unpaid overtime wages, $13,000.00 represents lost wages damages for retaliatory discharge, and $10,000.00 represents damages for the "mental anguish associated with being terminated" (Doc. 16 at 2), for a total of $25,665.60. Plaintiff then seeks an equal amount in liquidated damages, for a grand total of $51,331.20. The Amended Complaint also demands attorney's fees and Plaintiff's last paycheck, but Plaintiff does not provide figures for either of these demands.

severally liable to Plaintiff for his unpaid overtime wages, for retaliatory discharge, and for liquidated damages. See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008)(stating that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages" and to be so liable, the officer "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee"); Cancienne v. Drain Master of South Florida, Inc., 2008 WL 5111264 at *1 (S.D. Fla. Dec. 3, 2008)(a well-pleaded FLSA complaint standing alone establishes liability upon defendant's default); Girke v. Camillo Home Builders of Orlando, LLC, 2008 WL 2700014 at *2 (M.D. Fla. July 9, 2008)(same); Miller v. Paradise of Port Richey, Inc., 75 F.Supp. 2d 1342, 1346 (M.D. Fla. 1999)(well-pleaded FLSA retaliatory discharge and liquidated damages allegations deemed admitted, and liability established, by virtue of default).

However, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are *not* admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." Miller, 75 F.Supp. 2d at 1346 (emphasis added). Thus, even where a default judgment is warranted, the Court may first hold a hearing for the purposes of assessing damages. Fed.R.Civ.P. 55(b)(2); see also SEC v. Smyth, 420 F.3d 1225,

3

1232 n.13 (11th Cir. 2005). "'The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment. The default is entered upon the defendant's failure to plead or otherwise defend, Fed.R.Civ.P. 55(a), but if an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings *must* be conducted before the judgment is entered. See Rule 55(b)(2).'" Smyth, 420 F.3d at 1231-32 (quoting Lowe v. McGraw-Hill Cos., 361 F.3d 335, 339-40 (7th Cir. 2004))(emphasis added). However, such a hearing is not necessary if the record contains sufficient evidence to support the request for damages. Id. at 1232 n.13.

Plaintiff has filed an affidavit regarding some, but not all, of his claimed damages. (Doc. 11-1). While proof of damages in FLSA cases "may be put forth by affidavit averments alone, the Court is not required to accept such evidence unquestioningly." Roberts v. Lee A. Stephens Security, Inc., 2007 WL 2579599 at *1 (M.D. Fla. May 10, 2007)(internal citations omitted). At present, there is no documentation of Plaintiff's employment with Defendants at all other than the affidavit statements and allegations of the Amended Complaint. See id. The Court is of the opinion that a hearing to determine the proper amount of damages is appropriate in this case. See Fed.R.Civ.P. Rule 55(b)(2). The hearing should also address any claims for attorney's fees and costs. The Court will withhold entry of final default

4

judgment pending the outcome of the damages hearing. Smyth, 420 F.3d at 1231-32.

It is hereby

**ORDERED**:

1. The Court **RESERVES RULING** on Plaintiff's Motion for Default Judgment (Doc. 16).

2. This case will be set by separate order of the Magistrate Judge who will conduct whatever proceedings are required to render a Report and Recommendation on damages, attorney's fees, and costs.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of November, 2009.

                                                                         **TIMOTHY J. CORRIGAN**
                                                                         United States District Judge

jmm
Copies:
Honorable James R. Klindt
counsel of record
pro se parties